**James Walter REWIS, Petitioner,**

v.

**Louie L. WAINWRIGHT, Respondent.**
Civ. No. 69–78.

United States District Court
S. D. Florida,
Miami Division.

June 3, 1969.

Alan E. Weinstein, Miami Beach, Fla., for petitioner.

Melvin Grossman, Asst. Atty. Gen., Miami, Fla., for respondent.

## ORDER

EATON, District Judge.

On September 26, 1966, the sheriff of Hendry County, Florida, and the trial Judge scheduled to try a criminal case that morning, had coffee together. The defendants at the trial were to be James Walter Rewis and Ronald Rewis, brothers. The Sheriff told the Judge that he had reliable information that Ronald Rewis had said that "if the son-of-a-bitch judge sentences me, I will kill him in the courtroom." Apparently the Judge was also told by the Sheriff that the brothers were going to "jump" him or "get" him in the courtroom. Further, the Judge believed that weapons might be brought into the courtroom by women related to the brothers.

The Judge and the Sheriff went into the Courthouse and opened Court. Present in the courtroom was the panel of potential jurors. The judge, from the bench, made the following pronouncement:

"Mr. Court Reporter, the Court is in session and in open Court, it's the order of the Court that due to the security aspects that have been brought up here by threats made to the Court, that the Defendants in the case to be heard, in the State versus Rewis,

two cases of the State versus Rewis, that the prisoners be before the Court under maximym security conditions.

"It is further the order of this Court that the Sheriff of this County is authorized, directed and ordered to search the purses of any relatives or other friends in the courtroom to make sure there are no weapons. You may now make the search, Sheriff."

The Sheriff then asked three women, all related to the defendants, to open their pocketbooks. The women did so. They then were asked to step outside the courtroom. There they were searched by a matron.

The prosecutor announced that a hearing for a writ of habeas corpus had previously been held.

The defendants were then brought into the courtroom, each in shackles. The Public Defender, counsel for the defendants, moved for a continuance. His grounds were that the defendants were brought into the courtroom in shackles —in the presence of the venire. That motion was denied.

A severance was ordered. With both defendants before the Court, the Judge asked the Public Defender, "which one do you want to go to trial first?" James Walter Rewis was tried first. The charges against him were Breaking and Entering and Aggravated Assault —"assault with a deadly weapon, to-wit: a pistol." One of the essential elements of proof on the aggravated assault charge was that the defendant, James Walter. Rewis, made "an offer of bodily injury to another."

The state presented its case. The Court granted a motion for directed verdict in the Breaking and Entering count.

The defendant, James Walter Rewis, then presented his defense. His defense was alibi. His witnesses were his brother, Ronald—who testified while shackled —and two of the three women who had opened their pocketbooks in the courtroom at the request of the Sheriff.

The trial Judge carefully charged the jury on presumption of innocence. He admonished the jury to base its verdict upon the evidence in the case and not to be influenced by passion, prejudice or bias. A verdict of guilty of aggravated assault was returned by the jury. James Walter Rewis was adjudicated guilty of that charge and sentenced to serve five years in the state penitentiary.

He appealed. Among his several grounds raised was the trial Judge's denial of the motion for continuance. The point involved was stated as follows in his appellate brief:

"Did the trial court commit reversible error when it denied a motion for a continuance when appellant was brought before the venire in shackles?"

The remainder of the circumstances described here were neither assigned nor briefed. The statement of the trial Judge in open court in the presence of the potential jurors, the search of the pocketbooks of defendant's witnesses in the presence of the jury, the statement of the prosecutor in reference to the previous habeas corpus hearing, the shackled witness (who was to be tried next)—none of these matters were presented to the Court of Appeal. The Florida Appellate Court had before it the proposition that a continuance should have been granted because James Walter Rewis was brought before the venire in shackles. The question is considerably broader than that. The totality of the circumstances provides the impact of Rewis' position.

Following the September 27, 1967, per curiam affirmance without opinion by the Second District Court of Appeal of Florida, James Walter Rewis, on January 16, 1969, petitioned this Court for its writ of habeas corpus. Four days later, in order to determine whether or not there had been exhaustion of state remedies, this Court called for a copy of the petitioner's assignments of error and brief on appeal, which documents were immediately provided. On Febru-

ary 3, 1969, this Court issued an order to show cause. In response, the respondent filed memorandum of law and motion to dismiss on February 27, 1969. On March 13, 1969, the petitioner filed a reply to the respondent's memorandum and motion to dismiss. On April 10, 1969, this Court had a hearing in this matter. James Walter Rewis was not at that time represented by counsel. Before this Court, the state court trial Judge and the Sheriff candidly entered into a factual stipulation with the petitioner. That stipulation is the basis for the factual circumstances recited in this Order. It was at that hearing that the total circumstances theretofore not known to this Court were presented.

Counsel was appointed for the petitioner. Briefs have now been filed.

After consideration of the entire record, it has become clear that this Federal District Court is asked to grant post conviction relief for a state prisoner when the Courts of the State have not given their attention to the circumstances presented to the Federal Court. Florida is responsible for the enforcement of its criminal laws. Its Judges take an oath to follow the Constitution of the United States just as do the Judges of this Court. In the interest of comity, Florida should have the first opportunity to decide whether or not the man who petitions here has been afforded that fair trial guaranteed him by the Constitution of the United States.

Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., is available to James Walter Rewis. Therefore, this Court will not decide this cause until a reasonable period of time has expired following the filing by James Walter Rewis of a motion under Rule 1.850, Florida Rules of Criminal Procedure.

Accordingly, (1) the respondent's motion to dismiss is denied; and (2) ruling on James Walter Rewis' petition for this Court's writ of habeas corpus is held in abeyance until further Order.